UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60396-CIV-COHN/SELTZER

BLUEWATER BUILDERS, INC.,

    Plaintiff,

v.

UNITED SPECIALTY INSURANCE CO.,

    Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Final Summary Judgment [DE 30] ("Motion").  The Court has considered the Motion and supporting Statement of Material Facts [DE 29], Plaintiff's Response [DE 34] and supporting Statement of Material Facts [DE 35], and Defendant's Reply [DE 40], and is fully advised in the premises.

### I.  BACKGROUND

This action arises from a February 2012 incident in which Ferman Construction, Inc. ("Ferman") caused substantial damage in a building at One Financial Plaza, Fort Lauderdale, Florida.  DE 29 ¶¶ 11-12, 14, 26.  Ferman, a subcontractor working for Plaintiff, was removing drywall on the eleventh floor when its employees broke a sprinkler head.  Id. ¶ 12.  Water from the broken sprinkler head flooded the tenth and eleventh floors.  Id.

Defendant issued Ferman a Commercial General Liability Insurance Policy (the "Policy") which was in effect at the time of the incident at One Financial Plaza.  DE 29 ¶ 1; DE 29-1.  The Policy contained a Classification Limitation Endorsement providing

that coverage under the Policy was "strictly limited to the classification(s) and code(s) listed on the policy Declarations page . . . .  No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy."  DE 29-1 at 65.  The Declarations section of the Policy in turn listed a single covered classification: "Carpentry—construction of residential property not exceeding three stories in height."  Id. at 8.  The Policy provided that Defendant was obligated to reimburse, indemnify, or defend Ferman only against damages for bodily injury or property damage to which the Policy applied, subject to the Policy's endorsements and exclusions.  DE 29 ¶¶ 2-3; DE 29-1 at 9.  Although Ferman had provided Plaintiff with a Certificate of Insurance prior to commencing its work at One Financial Plaza, the Certificate did not reference the Policy and did not list Defendant among Ferman's insurers.  DE 29 ¶ 29; DE 29-11 ("Certificate").

The insurer of a tenant at One Financial Plaza brought a subrogation claim arising out of the water damage against Plaintiff, who in turn sought payment from Defendant under the Policy after obtaining a judgment against Ferman.  DE 1-1 ¶¶ 10-17; DE 29 ¶ 27.  When Defendant determined that the Policy did not apply to the damage Ferman had caused, Plaintiff filed this suit, seeking a declaration that Defendant was obligated to defend and indemnify Ferman, and Plaintiff by extension, for the amounts at issue.  DE 29 ¶¶ 31-32; DE 30 at 4.  Defendant subsequently moved for summary judgment, arguing that under the plain language of the Policy it had no obligation to indemnify, reimburse, or defend Ferman or Plaintiff with regard to damages at One Financial Plaza, thus this action should be dismissed.  DE 30.

## II.  DISCUSSION

### A. <u>Legal Standard</u>

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must point out to the court that "there is an absence of evidence to support the nonmoving party's case."  <u>Id.</u> at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial."  <u>Walker v. Darby</u>, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of

3

evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  In making this determination, the Court must discern which issues are material:  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.  In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### B. Analysis

Under the plain language of the Policy, Defendant has no obligation to reimburse, indemnify, or defend Ferman with respect to the damages Ferman caused at One Financial Plaza.  See DE 29-1 at 8, 65.  Plaintiff nevertheless asserts that Defendant is estopped from denying coverage under the Policy.  DE 34 at 5-7.  Plaintiff further contends that ambiguity relating to how the Certificate was prepared presents an issue of material fact, precluding a grant of summary judgment. Id. at 7-8.  The Court concludes that Plaintiff may not create insurance coverage contrary to the plain language of the Policy via the doctrine of promissory estoppel.  Moreover, Plaintiff fails

4

to raise a genuine issue of material fact.  Summary judgment in favor of Defendant is therefore appropriate.

Courts will construe an insurance contract according to its plain meaning. Amerisure Mut. Ins. Co. v. Auchter Co., 673 F.3d 1294, 1301 (11th Cir. 2012); Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 532 (Fla. 2005).  The Policy's list of classifications, read in conjunction with its Classification Limitation Endorsement, unambiguously limits the Policy's coverage to operations relating to the "construction of residential property not exceeding three stories in height."  DE 29-1 at 8, 65.  Neither party contends that Ferman was engaged in the "construction of residential property not exceeding three stories in height" when it broke the sprinkler head that flooded the tenth and eleventh floors of the twenty-eight story commercial building at One Financial Plaza.  DE 29 ¶ 38; DE 34 at 4; DE 35 at 1-2.  Because the damages from which this action arises do not relate to the "construction of residential property not exceeding three stories in height," the Policy does not apply to those damages, and Defendant has no duty to reimburse, indemnify, or defend with regard to those damages.  See Evanston Ins. Co. v. Heeder, 490 F. App'x 215, 217 (11th Cir. 2012) (affirming summary judgment finding no duty to defend or indemnify where classification limitation endorsement limited coverage to residential roofing, and contractor sought declaration that coverage applied in relation to commercial roofing project).

Plaintiff does not contest "that Ferman's insurance [under the Policy] was limited to residential work."  DE 34 at 5.  Instead, Plaintiff suggests that the equitable doctrine of estoppel accords relief because Defendant should have expected that Ferman's representations in the Certificate would induce Plaintiff to hire Ferman.  Id. at 5-7.

"Promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice." Morse v. United Wis. Life Ins. Co., 356 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005) (quoting U.S. Sec. Ins. Co. v. Shivbaran, 827 So. 2d 1090, 1092 (Fla. 3d DCA 2002)). Promissory estoppel applies where a plaintiff detrimentally relies upon a defendant's promise, the defendant should have expected the promise to induce reliance, and injustice can only be avoided by enforcement of the promise. W.R. Grace & Co. v. Geodata Servs., Inc., 547 So. 2d 919, 924 (Fla. 1989). Of particular relevance to this case, promissory estoppel requires a promise made by the party against whom estoppel is asserted. White Holding Co. v. Martin Marietta Materials, Inc., 423 F. App'x 943, 947 (11th Cir. 2011).

Plaintiff does not identify any promise by Defendant upon which estoppel may be founded. Plaintiff fails in its attempt to manufacture any such promise from the Certificate by arguing that the Certificate did not disclose that Defendant would not insure Ferman for Ferman's work at One Financial Plaza. See DE 34 at 6-7. The Certificate was provided to Plaintiff not by Defendant but by Ferman. Id. at 2. The Certificate does not list Defendant among Ferman's insurers. DE 29-11. The Certificate contains no promise or indication that Defendant would insure Ferman for *anything*, and indeed appears to contain no representation or promise by Defendant whatsoever. Because Plaintiff cannot identify a promise by Defendant upon which it relied to its detriment, Plaintiff cannot obtain relief under the doctrine of promissory estoppel. See White Holding Co., 423 F. App'x at 947.

Finally, Plaintiff cannot escape summary judgment by asserting that collateral facts remain unresolved regarding how or why the Certificate "indicated Ferman had the

6

required insurance coverage for the project at issue." DE 34 at 7.  The Certificate does not suggest that Defendant would insure Ferman, nor does it create some other obligation on Defendant's part.  Further insight into the preparation of the Certificate is therefore inapposite to whether Defendant owes any obligation to Ferman or Plaintiff under the Policy, and has no bearing on Defendant's entitlement to judgment as a matter of law.

### III.  CONCLUSION

In sum, Defendant has established that the Policy did not provide coverage relating to Ferman's work at One Financial Plaza.  Plaintiff cannot create such coverage by invoking the doctrine of promissory estoppel.  Plaintiff also fails to raise any issue of material fact that might lead to a different result.  Therefore, no genuine issue remains for trial, and Defendant is entitled to summary judgment dismissing Plaintiff's claim for a declaration that Defendant was obligated to defend or indemnify Ferman, and Plaintiff by extension, for the damage at One Financial Plaza.  See Anderson, 477 U.S. at 248-50.[1]

In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Final Summary Judgment [DE 30] is **GRANTED**;
2. The Complaint for Declaratory Relief [DE 1-1] is **DISMISSED with prejudice**; and
3. The Court shall enter a separate Final Judgment consistent with this ruling.

---

[1] Because the Court finds that the plain language of the Policy and its classification limitation is dispositive of this matter, the Court declines to address the parties' remaining arguments.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of October, 2013.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF